## In re S & S LUMBER CO., INC., Debtor.

**Bankruptcy No. 5–92–01542.**

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

Jan. 6, 1995.

John Koresko, Norristown, PA, for debtor.

Gregory Lyons, Harrisburg, PA, for U.S. Trustee.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The United States Trustee has objected to the fee application of counsel for the Debtor Koresko & Noonan. Testimony on same was taken on June 9th, 1994. At that time, the threshold issue arose as to whether the retainer of Koresko & Noonan ("K & N") in the amount of Forty Thousand Dollars ($40,-000.00) was paid from property of the estate or whether the source of that fund was moneys collected for retail sales taxes pursuant to state statutes requiring same. K & N advanced the theory that since these funds were held for payment to the state of Pennsylvania pursuant to the collection of same from the purchaser that they were held in trust and therefore did not constitute property of the estate.[1] Citing for support *Begier v. United States, Internal Revenue Service,* 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990).

The United States' Trustee argues that an extension of *Begier* to the case at bar is unwarranted. The United States' Trustee rests its conclusion on the fact that *Begier* interpreted Internal Revenue Code Law and the present case deals with Pennsylvania State Sales Taxes under a completely different statute. Additionally, funds in this case were admittedly commingled with nontrust funds and K & N has not met its burden of establishing a nexus between the trust funds collected and the funds paid to K & N as its retainer.

At the trial of this issue on June 9th, 1994 the issues raised were bifurcated so that the first issue decided by this Court would be whether the retainer came from property of the estate in which the debtor had an equitable interest. Should this Court find that the retainer did not come from such property of the estate, there would appear to be no reason to further consider the Trustee's objections to the fee application. On the other hand, should the Court find that the retainer in question was paid from such property of the estate then the parties will be afforded a further opportunity to present additional evidence relative to the Trustee's objections to the fee application.

---

1. Under § 541, "all legal or equitable interests of the debtor in property" constitutes property of the estate. Nevertheless, we view the instant issue as turning on whether the debtor retained an equitable interest in the property.

We start from the well-settled principle that debtors do "not own an equitable interest in property ... [they] hold in trust for another," and that therefore funds held in trust are not "property of the estate." *Begier,* 496 U.S. at 59, 110 S.Ct. at 2263; see also 11 U.S.C. § 541(d); *Universal Bonding Ins. Co. v. Gittens & Sprinkle Enters.,* 960 F.2d 366, 371 (3d Cir.1992). In general, "to establish rights as a trust recipient, a claimant must make two showings: (1) demonstrate that the trust relationship and its legal source exist, and (2) identify and trace the trust funds if they are commingled." *Goldberg v. New Jersey Lawyers' Fund,* 932 F.2d 273, 280 (3d Cir. 1991); *In re Columbia Gas Sys. Inc.,* 997 F.2d 1039, 1063 (3d Cir.1993) ("beneficiaries of trust funds bear the burden of identifying and tracing their trust property"), cert. denied, —— U.S. ——, 114 S.Ct. 1050, 127 L.Ed.2d 372 (1994). Goldberg teaches that we look to state law to determine whether the claimant has shown a trust relationship, but that we look to federal law to determine whether the claimant has traced and identified the trust funds. *Goldberg,* 932 F.2d at 280; see also *Universal Bonding,* 960 F.2d at 369; *In re Markos Gurnee Partnership,* 163 B.R. 124, 129 & n. 4 (Bankr.N.D.Ill.1993); *In re Visiting Nurse Ass'n v. Bowen,* 143 B.R. 633, 641 (W.D.Pa.1992) ("Once a bankruptcy court makes a determination concerning whether a debtor has any legal or equitable interest in property based upon applicable state law, whether the property will come into the estate is a federal question.") (internal quotations and citations omitted), aff'd, 986 F.2d 1410 (3d Cir.1993) (table). *City of Farrell v. Sharon Steel Corporation,* 41 F.3d 92 (3d Cir.1994).

■ A trust can be express, resulting, or constructive. See, generally, *Restatement of Trusts § 1.* In *Begier,* § 7501 of the Internal Revenue Code created an "express" trust in the funds withheld under the Internal Revenue Code. This is apparently so because the language of the statute reads "... the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States" *26 U.S.C. § 7501.* Accordingly, a statutory trust is created by the very language of the statute. The Pennsylvania sales tax, on the other hand, is not a direct trust but a "constructive trust" since it is Pennsylvania case law which establishes that a trust is created when the tax is withheld. *City of Farrell v. Sharon Steel Corporation,* 41 F.3d 92 (3rd Cir.1994).

A constructive trust is a relationship with respect to property subjecting the person by whom the title to the property is held to an equitable duty to convey it to another on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property ... [A] constructive trust is imposed, not to effectuate intention, but to redress wrong or unjust enrichment. A constructive trust is remedial in character. *Restatement of Trusts 2d § 1(e).*

We find that this proposition is consistent with the law of Pennsylvania. *City of Philadelphia v. Heinel Motors, Inc.,* 142 Pa.Super 493, 16 A.2d 761 (1940).

■ In the case at bar the record indicates that K & N received Forty Thousand Dollars ($40,000.00) from a fund, possibly a general operating account which included the withheld funds and other funds of the Debtor. Even though case law might require the imposition of a constructive trust up to the lower of the withheld tax or the lowest intermediate balance (*see Farrell v. Sharon Steel Corporation, supra*), that interpretation could only run in favor of the beneficiary since a constructive trust is a judicial "construct" in order to remediate an inequity to a beneficiary. In this case the beneficiary is not a party and the "trust", commingled as it might have been, can only be represented by the "lowest" intermediate balance in the account prior to the date of bankruptcy. If we were to adopt the reasoning of K & N, no portion of this general operating account at issue could be considered property of the estate in which the estate had an equitable interest until the withheld tax was in fact paid. This would permit the debtor-in-possession to deal with the account unfettered by restrictions that normally would apply to "property of the estate".

**400**

It is our conclusion, therefore, that the K & N retainer was paid from property of the estate in which the estate had an equitable interest. Since this was a bifurcated trial the parties are hereby directed to appear by conference call at a time and date to be announced to discuss the scheduling of a conclusion to this matter.