**In re Brian A. YASIPOUR, Sr., Debtor.**

**Bankruptcy No. 5–97–00109.**

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

May 19, 1999.

Richard A. Gahr, Williamsport, PA, for Debtor.

Brian Manning, Doran & Nowalis, Wilkes–Barre, PA, for Trustee.

Charles A. Szybist, Williamsport, PA, trustee.

### OPINION

JOHN J. THOMAS, Bankruptcy Judge.

The Debtor, Brian Yasipour, has attempted to exempt real property situate at 1024 Memorial Avenue, Williamsport, Pennsylvania, valued at $13,000. The Trustee, Charles Szbist, has objected to that exemption claim alleging that the Debtor does not own the property, having conveyed it before the bankruptcy to his wife, Amaneh. The Debtor acknowledges this allegation in answer to question 10 of his Statement of Affairs wherein he indicates that "[r]eal estate located at 1024 Memorial Avenue, Williamsport, Lycoming County, Pennsylvania, was transferred to wife, Amaneh K. Yasipour, on December 26, 1996. (Said property is included as property of the debtor. See Schedule A.)"

On July 30, 1998, the Court conducted a hearing on the Trustee's Objection. The Debtor testified he had conveyed this property to his spouse because he had

intended to commit himself to a mental institution. He believed that his spouse would have held the property as an accommodation party only and would return the property to himself upon his release from the hospital. He never intended to convey his entire right, title, and interest in the property to his spouse. He further testified that based on the ethnic customs of he and his spouse, he was certain that his wife would do whatever was asked of her. I concluded that the Debtor's testimony was credible and that he retained an equitable interest capable of being included in the estate and exempted. I, thus, overruled the Trustee's Objection.

The Trustee filed a Motion for Reconsideration that I now address. He alleges that this Court's decision is contrary to the statute of frauds. The Trustee argues that any conveyance in trust must be expressed in writing. On the other hand, the Debtor counters that Mrs. Yasipour held the property in constructive trust for her husband and, therefore, was under a duty to return the property to the Debtor upon his request despite the statute of frauds.

■ Property interests are determined under state law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). I find that the decision in this case is controlled by the parole evidence rule as that concept is understood in Pennsylvania. The rule is set out in the Restatement (Second) of Trusts § 38, as follows:

> (1) If the owner of property transfers it inter vivos to another person by a written instrument in which it is declared that the transferee is to take the property for his own benefit, extrinsic evidence, in the absence of fraud, duress, mistake or other ground for reformation or rescission, is not admissible to show that he was intended to hold the property in trust.

Restatement (Second) of Trusts § 38 (1959)

The Pennsylvania Supreme Court has adopted the Restatement (Second) of Trusts § 38 (1959). *Truver v. Kennedy,* 425 Pa. 294, 229 A.2d 468 (1967).

■ In addition, Pennsylvania case law advises that I am not permitted to look beyond the four corners of the deed where the grantor's intentions are clearly expressed. "All the language of the deed must be given effect and when the language of the deed is clear and unambiguous the intent of the parties must be gleaned solely from its language." *In re Conveyance of Land Belonging to City of DuBois,* 461 Pa. 161, 172, 335 A.2d 352, 358 (1975). "[I]t is not what the parties may have intended by the language used but what is the meaning of the words." *Teacher, et al. v. Kijurina,* 365 Pa. 480, 486, 76 A.2d 197, 200 (1950).

■ The parties have stipulated that the deed of transfer here was drafted by the Debtor and was typical of a fee simple transfer of property, with no reservation of rights. Moreover, the Debtor is not alleging that Mrs. Yasipour exercised fraud. No mistake is alleged with regard to the intention to the parties. Under these circumstances, the Court can only conclude that Brian Yasipour is barred from testifying that the conveyance was anything short of a fee simple transfer to Mrs. Yasipour. Despite the fact that Mr. Yasipour came across as a credible witness, I must conclude that the parole evidence rule bars Mr. Yasipour from offering evidence contrary to the fee simple deed effecting the transfer.

■ Moreover, Mr. Yasipour's testimony that the transfer was made only to deliver legal title to his spouse, speaks more of an express trust rather than one implied in law. Under such circumstances, the statute of frauds (April 22, 1856, § 4, P.L. 532, 33 P.S. § 2) would, indeed, step in to bar the enforcement of that express trust in the absence of the writing. *Kalyvas v. Kalyvas,* 371 Pa. 371, 379–376, 89 A.2d 819, 823 (1952).

■ In response to the Trustee's Motion for Reconsideration, the Debtor argues that Mrs. Yasipour held this property in constructive trust for Brian Yasipour. "A constructive trust is imposed not because of the legally inferred intention of

the parties but because the court concludes that the person holding the title to the property, if permitted to keep it, would profit by a wrong or would be unjustly enriched. Thus, unlike either a resulting trust or an express trust, a constructive trust is remedial in character." Restatement (Third) of Trusts § 7 (T.D. No. 1, 1996). As was stated in *In re S & S Lumber Co., Inc.*, 178 B.R. 397 (Bkrtcy. M.D.Pa.1995), " . . . a constructive trust is a judicial construct . . . to remediate an inequity to a beneficiary." I would be remiss to utilize such a construct in the absence of the participation of Mrs. Yasipour in this proceeding. Even if Mrs. Yasipour was present as a party in this proceeding, clearly a voluntary conveyance out of the estate could not be claimed as an exemption by the Debtor upon its recovery. 11 U.S.C. § 522(g).

For all these reasons, I grant the Trustee's Motion for Reconsideration and sustain the Trustee's "Amended Objection to Exemption." (Doc. # 15.) Debtor's exemption claim in the aforesaid real estate is disallowed. This decision invalidates the Debtor's Amendment to Bankruptcy Petition (Schedule C) filed August 13, 1998.